IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL NO. 5:02-CR- 16 - DF |
| | : | |
| | : | VIOLATION: 18 U.S.C. §1344 |
| MARK A. HURT | : | (Two Counts) |
|     d/b/a AUTOMATED NETWORK | : | |
|       SYSTEMS, INCORPORATED, | : | |
|     d/b/a A.N.S., INC., | : | |
|     d/b/a M.A.H., INC. | : | |

Filed at ___11:16__A__ M
DATE _April 18, 2002_
_Wanda C. Donahoo_
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

THE UNITED STATES ATTORNEY CHARGES:

<u>COUNT ONE</u>

1.      From on or about March 7, 1997, to on or about November 17, 1997, in the

Macon Division of the Middle District of Georgia, the defendant,

MARK A. HURT,

did knowingly execute a scheme and artifice to defraud the Exchange Bank, Milledgeville,

Baldwin County, Georgia (hereinafter referred to as the "Exchange Bank"), a bank whose

deposits were then insured by the Federal Deposit Insurance Corporation.

2. The scheme and artifice so executed and intended to be

executed was in substance as follows:

(a)      MARK A. HURT operated a business and maintained a business office at 100

Industrial Park Road, Milledgeville, Georgia, which business operated in the names of

Automated Network Systems, Incorporated (hereinafter referred to as "A.N.S., Inc."); and

M.A.H., Incorporated, doing business as Automated Network Systems (also known as A.N.S.).

(b)      From his business office in Milledgeville, HURT conducted a business whereby he installed and serviced networked computer systems for schools and businesses. This service was provided to HURT's customers for a fee, which fee was typically payable to HURT sixty days from the date of service. Invoices were created by HURT and provided to his customers. These invoices reflected an invoice number, invoice date, customer number, job number, customer address, address where service was performed, date of service, description of service, charge for service, and net billing charge. Invoices were computer generated and were mailed to customers by the A.N.S., Inc., and M.A.H., Inc., office staff from the Milledgeville, Georgia, business office. HURT employed approximately 16 office workers, 6 sales representatives, and from 15 to 30 technicians in support of the aforementioned business.

(c)      On January 5, 1996, HURT established business checking accounts and a line of credit in the amount of $1,250,000.00 (one million two hundred and fifty thousand dollars) in the name of M.A.H., Inc., doing business as Automated Network Systems, with the Exchange Bank. Additional accounts and credit were established in August of 1996, in the name of A.N.S., Inc. HURT, doing business as A.N.S., Inc., entered into a credit agreement with the Exchange Bank on March 10, 1997, which established a line of credit in the amount of $700,000.00 (seven hundred thousand dollars). Both lines of credit were known as "The Business Manager Agreements," and permitted HURT to obtain immediate draws on the lines of credit by presenting accounts receivable invoices to the Exchange Bank's Loan Department, Accounts Receivable desk. Following deductions for a "reserve account" and a service fee, the remaining 87.05 percent of each loan draw was credited to HURT's business checking account numbers 517367 (M.A.H., d.b.a. A.N.S.) and 517598 (A.N.S.) and was available for immediate use.

(d) Both loan agreements with the Exchange Bank were renewed by HURT on August

14, 1997, and became known as the "Towne Finance Agreements." The accounting for these loans was handled by Towne Services, Inc., Norcross, Georgia. The loan agreements continued to permit HURT to obtain immediate draws on the lines of credit by presenting accounts receivable invoices to an employee of Exchange Bank's Loan Department, Accounts Receivable desk. Towne Finance would provide a daily accounting of Defendant's lines of credit to Exchange Bank. HURT's available credit was dependent on the value of outstanding invoices and payments received. Advances to HURT's lines of credit were made by Exchange Bank to business checking account numbers 517367 (M.A.H., d.b.a. A.N.S.) and 517598 (A.N.S.).

(e) Beginning on or about March 7, 1997, HURT would sometimes make draws on his lines of credit with the Exchange Bank by submitting completely false and fictitious accounts receivable invoices.

3. That on or about the dates alleged below, in the Macon Division of the Middle District of Georgia, the defendant,

MARK A. HURT,

for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause the following invoices to be submitted to the Exchange Bank, knowing at the time they were submitted that the invoices were false:

| DATE | INVOICE NO. | CUSTOMER | AMOUNT |
|------|-------------|----------|--------|
| 03/07/97 | 970015 | NISE EAST | $352,000.00 |
| 06/04/97 | 960844 | NEWTON PUBLIC SCHOOLS | 175,581.00 |
| 06/04/97 | 960842 | FLOYD CO BOE | 132,000.00 |
| 06/20/97 | 9610131 | ORANGEBURG SCHOOL DIST. | 53,470.00 |
| 06/20/97 | 96O9B9 | FLOYD CO BOE | 33,473.68 |
| 06/20/97 | 960994 | FLOYD CO BOE | 39,053.00 |
| 06/20/97 | 960996 | FLOYD CO BOE | 39,053.00 |
| 06/20/97 | 960995 | FLOYD CO BOE | 39,053.00 |
| 06/20/97 | 960991 | FLOYD CO BOE | 53,000.00 |

| 06/20/97 | 960992 | FLOYD CO BOE | 53,000.00 |
| 06/20/97 | 960993 | FLOYD CO BOE | 53,000.00 |
| 06/20/97 | 960998 | FLOYD CO BOE | 39,053.00 |
| 06/20/97 | 960999 | FLOYD CO BOE | 33,473.68 |
| 10/01/97 | 970320 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970321 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970322 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970323 | GA DEPT OF TECH/ADULT ED | 38,329.00 |
| 10/01/97 | 970324 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970325 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970326 | GA DEPT OF TECH/ADULT ED | 38,392.00 |
| 10/01/97 | 970327 | GA DEPT OF TECH/ADULT ED | 38,329.00 |
| 10/01/97 | 970328 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970329 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970330 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970331 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970332 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970333 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970334 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970334 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970335 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970336 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970337 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970338 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970339 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970340 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970341 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 10/01/97 | 970342 | GA DEPT OF TECH/ADULT ED | 19,196.00 |
| 11/17/97 | 100542 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100550 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100553 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100554 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100580 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100581 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100582 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100587 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100589 | SC TECHNICAL EDUCATION | 77,750.00 |
| 11/17/97 | 100590 | SC TECHNICAL EDUCATION | 77,750.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

<u>COUNT TWO</u>

1. From on or about February 26, 1997, to on or about November 5, 1997, in the Macon

Division of the Middle District of Georgia, the defendant,

MARK A. HURT,

did knowingly execute a scheme and artifice to defraud The First National Bank of Baldwin

County, Milledgeville, Baldwin County, Georgia (hereinafter referred to as the "First National

Bank"), a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

2. The scheme and artifice so executed and intended to be

executed was in substance as follows:

(a)     MARK A. HURT operated a business and maintained a business office at 100

Industrial Park Road, Milledgeville, Georgia, which business operated in the names of

Automated Network Systems, Incorporated (hereinafter referred to as "A.N.S., Inc."); and

M.A.H., Incorporated, doing business as Automated Network Systems (also known as "A.N.S.").

(b)     From his business office in Milledgeville, HURT conducted a business whereby

he installed and serviced networked computer systems for schools and businesses.  This service

was provided to HURT's customers for a fee, which fee was typically payable to HURT sixty

days from the date of service.  Invoices were created by HURT and provided to his customers.

These invoices reflected an invoice number, invoice date, customer number, job number,

customer address, address where service was performed, date of service, description of service,

charge for service, and net billing charge.  Invoices were computer generated and were mailed to

customers by the A.N.S., Inc., and M.A.H., Inc., office staff from the Milledgeville, Georgia,

business office.  Defendant employed approximately 16 office workers, 6 sales representatives,

and from 15 to 30 technicians in support of the aforementioned business.

(c)  Beginning in August 1996, Hurt established business accounts and credit in the

names of A.N.S., Inc. and M.A.H., Inc. with First National Bank, 2501 North Columbia Street,

Milledgeville, Georgia.  In doing so, HURT, doing business as A.N.S., Inc., entered into a loan

agreement, number 9011321-04, signed and dated February 24, 1997, for a $600,000.00 line of

credit.  This line of credit was known as a "Merchant Services Agreement."  The loan agreement

permitted Hurt to obtain immediate draws on the line of credit by presenting accounts receivable

invoices to any employee of First National Bank's Loan Department.  Following deductions for a

"reserve account" and a service fee, the remaining 87 percent of the loan draw amount was

credited to HURT's business checking account number 0105882 and was available for immediate

use.

(d)  Beginning on or about February 26, 1997, HURT would sometimes make draws on

his line of credit with the First National Bank by submitting completely false and fictitious

accounts receivable invoices.

3. That on or about the dates alleged below, in the Macon Division of the Middle District

of Georgia, the defendant,

MARK A. HURT,

for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so,

did knowingly cause the following invoices to be submitted to the First National Bank, knowing

at the time they were submitted that the invoices were false:

| DATE | INVOICE NO. | CUSTOMER | AMOUNT |
|------|-------------|----------|--------|
| 02/26/97 | 970006 | NISE EAST | $ 60,996.00 |
| 02/26/97 | 970007 | NISE EAST | $200,000.00 |
| 02/28/97 | 970010 | UTILITY CONSTRUCTION | 88,982.00 |
| 06/05/97 | S930056 | GOVERNMENTAL AFFAIRS | 93,600.00 |
| 06/05/97 | S930051 | TELECOMMUNICATIONS SERV. | 150,000.00 |
| 11/05/97 | S980475 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980474 | GA DEPT OF TECH/ADULT ED | 24,965.00 |

| | | | |
|---|---|---|---|
| 11/05/97 | S980473 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980472 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980471 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980468 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980469 | GA DEPT OF TECH/ADULT ED | 24,965.00 |
| 11/05/97 | S980470 | GA DEPT OF TECH/ADULT ED | 24,965.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

MAXWELL WOOD
UNITED STATES ATTORNEY

By:    PAUL C. McCOMMON III
       ASSISTANT UNITED STATES ATTORNEY